```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X
                                          :
UNITED STATES OF AMERICA,                 :     08cr1111(DLC)
                                          :
            -v-                           :     MEMORANDUM OPINION
                                          :        AND ORDER
FELIX CANTILLO BURGOS,                    :
                                          :
                       Defendant.         :
                                          :
----------------------------------------- X
```

DENISE COTE, District Judge:

Defendant Felix Cantillo Burgos has filed a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c). For the following reasons, the motion is denied.

On August 19, 2011, Burgos was sentenced principally to 180 months' imprisonment to run concurrently on two counts, and to run concurrently with a sentence imposed on him in Colombia. Burgos had pleaded guilty to conspiracies to import and distribute heroin and cocaine. His sentencing guidelines offense level was 39 and his criminal history category was I, yielding a sentencing guidelines range of 262 to 327 months' imprisonment. The defendant had led a drug organization in Colombia that operated in the middle of a supply chain.

According to the Presentence Report, the base offense level was 38. Burgos was responsible for 500 kilograms of cocaine and 2,000 kilograms of heroin, which together were equivalent to 2,100,000 kilograms of marijuana.

Amendment 782 to the sentencing guidelines permits, under certain circumstances, a two-level adjustment of a sentencing guidelines range. For two independent reasons, however, Burgos is not entitled to any adjustment. First, if one were available to Burgos, a two-level adjustment would still set the guidelines range at a point above the sentence of imprisonment imposed on him in 2011. The guideline governing reductions in terms of imprisonment does not permit any sentencing adjustment in such circumstances. See U.S.S.G. § 1B1.10(b)(2)(A) ("[T]he court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range."). Second, the base offense level for 2,100,000 kilograms of marijuana remains base offense level 38 under the guidelines regime established by Amendment 782. See U.S.S.G. § 2D1.1.

Burgos brought this motion through a document filed on June 5, 2017.[1] In his motion, Burgos shows confusion about his sentencing guidelines range. He asserts that his sentence of 180 months' imprisonment was at the "high end" of his range. It was not. His sentence reflected a variance well below the bottom of the applicable guidelines range. Burgos' renewed motion, filed on March 20, 2018, reflects the same confusion. As described

---

[1] The June 5, 2017 document refers to a motion filed on May 24, 2015. This Court has not located any motion filed by Burgos in 2015.

2

above, Burgos' sentencing guidelines range, as reflected in the Pre-Sentence Report and in his sentencing proceeding was 262 to 327 months' imprisonment.

**Conclusion**

The motions of June 5, 2017 and March 20, 2018 are denied. In addition, Morales has not made a substantial showing of a denial of a federal right and, therefore, a certificate of appealability shall not be granted. Hoffler v. Bezio, 726 F.3d 144, 154 (2d Cir. 2013); Tankleff v. Senkowski, 135 F.3d 235, 241 (2d Cir. 1998); Rodriquez v. Scully, 905 F.2d 24, 24 (2d Cir. 1990). Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445 (1962). The Clerk of Court shall close the case.

Dated:   New York, New York
         August 22, 2018

───────────────────────────
DENISE COTE
United States District Judge